**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAR 31 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: CHARLES L. DUFF, <br><br> Debtor, <br><br> ------------------------------ <br><br> CHARLES L. DUFF; CATHRYN DUFF, <br><br> Appellants, <br><br> v. <br><br> NEWREZ, LLC, DBA Shellpoint Mortgage Servicing; BANK OF NEW YORK MELLON; COUNTRYWIDE FINANCIAL CORPORATION; COUNTRYWIDE HOME LOANS, INC.; COUNTRYWIDE BANK, N.A.; LANDSAFE, INC.; LANDSAFE APPRAISAL, INC.; BANK OF AMERICA CORPORATION; BAYVIEW LOAN SERVICING, LLC,, <br><br> Appellees. | No. 21-60022 <br><br> BAP No. 20-1092 <br><br> MEMORANDUM[*] |
| In re: CHARLES L. DUFF, <br><br> Debtor, <br><br> ------------------------------ | No. 21-60023 <br><br> BAP No. 20-1095 |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

CHARLES L. DUFF; CATHRYN DUFF,

Appellants,

v.

NEWREZ, LLC, DBA Shellpoint Mortgage Servicing; BANK OF NEW YORK MELLON; COUNTRYWIDE FINANCIAL CORPORATION; COUNTRYWIDE HOME LOANS, INC.; COUNTRYWIDE BANK, N.A.; LANDSAFE, INC.; LANDSAFE APPRAISAL, INC.; BANK OF AMERICA CORPORATION; BAYVIEW LOAN SERVICING, LLC,

Appellees.

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Lafferty III, Gan, and Faris, Bankruptcy Judges, Presiding

Argued and Submitted March 7, 2022
Pasadena, California

Before: BERZON and FRIEDLAND, Circuit Judges, and KORMAN,** District Judge.

Chapter 11 debtor Charles Duff and his non-debtor spouse Cathryn Duff

appeal the Bankruptcy Appellate Panel's ("BAP") decision affirming the bankruptcy

---

** The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

court's Fed. R. Civ. P. 12(b)(6) dismissal of their adversary proceeding against NewRez LLC (dba Shellpoint Mortgage Servicing) et al.

1.  Five out of eight of the Duffs' claims—their claim under California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 et seq.), two claims under the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. §§ 1962(c), (d)), and their state law claims of unjust enrichment and fraud—are based on the Duffs' theory that they would not have qualified for or accepted the loan if not for their lender's fraudulent second appraisal. Like the BAP, we find the Duffs' fraud argument to be "implausible on its face." The Duffs knew the terms of their loan and accepted them of their own accord. A "Fixed/Adjustable Rate Rider" confirms that the "initial fixed interest rate" would "change[] to an adjustable interest rate." Even if we accept as true the allegations that Countrywide and LandSafe engaged in a fraudulent appraisal scheme and fabricated the second appraisal, it does not follow that the fraudulent second appraisal caused the Duffs to obtain a loan they could not afford. Indeed, logically, a higher appraisal would have helped the Duffs obtain more favorable loan terms.

Moreover, California law underscores the legal insufficiency of the Duffs' fraud allegations. California law provides that "a lender of money owes no duty of care to a borrower in preparing an appraisal of the security for a loan when the purpose of the appraisal simply is to protect the lender by satisfying it that the

3

collateral provides adequate security for the loan." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 283 Cal. Rptr. 53, 54 (Ct. App. 1991). The California Court of Appeal has also rejected the argument that borrowers are entitled to rely upon a lender's "determination that they *qualified* for the loans in order to decide if they could *afford* the loans." *Perlas v. GMAC Mortg., LLC*, 113 Cal. Rptr. 3d 790, 796 (Ct. App. 2010).

2. Three causes of action are based on somewhat different allegations—the state law claims of promissory estoppel and breach of the covenant of good faith and fair dealing and the claim under the Fair Debt Collection Practices Act (15 U.S.C. §§ 1692–1692p) ("FDCPA"). The first two claims are premised on the Duffs' allegations that Bank of America (the lender's successor in interest) "induced [them] to default on the two loans by stating that it would only consider a mortgage modification if they fell behind on payments." The Duffs' promissory estoppel claim fails because there was no "clear and unambiguous" promise to modify the loan—Bank of America merely told the Duffs it would *consider* a modification. *Laks v. Coast Fed. Sav. & Loan Ass'n*, 131 Cal. Rptr. 836, 839 (Ct. App. 1976). The breach of the implied covenant of good faith and fair dealing claim fails because there was no "specific contractual obligation" regarding loan modification underlying that claim. *Racine & Laramie, Ltd. v. Dep't of Parks & Recreation*, 14 Cal. Rptr. 2d 335, 338 (Ct. App. 1992). The FDCPA claim fails because non-judicial

4

foreclosure proceedings do not constitute "debt collection" under the FDCPA.  The deed of trust explicitly states that the lender has the right to foreclose.  *See Barnes v. Routh Crabtree Olsen PC*, 963 F.3d 993, 998 (9th Cir. 2020) ("[T]he remedy of foreclosure authorizes a creditor 'to retake and resell the security, not to collect money from the borrower.'" (quoting *Ho v. ReconTrust Co., NA*, 858 F.3d 568, 571 (9th Cir. 2017))).

Finally, the bankruptcy court did not err in denying leave to amend, which the Duffs did not request, because the "pleadings before the court demonstrate[d] that further amendment would be futile." *Rutman Wine Co. v. E. & J. Gallo Winery,* 829 F.2d 729, 738 (9th Cir. 1987).  Even on appeal, the Duffs have not identified how they would cure the deficiencies in their complaint.  Their failure to do so demonstrates "their inability (or, perhaps, unwillingness) to make the necessary amendment" and suggests that any amendment would be futile.  *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

**AFFIRMED.**